IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA McKNIGHT and JANEIL THOMPSON, | ) ) ) |
| Plaintiffs, | ) 8:04CV642 ) ) |
| vs. | ) ) |
| BRENTWOOD DENTAL GROUP, INC., a Nebraska Corporation, and Dr. MICHAEL OBENG, in his individual capacity, | ) MEMORANDUM AND ORDER ) ) ) ) ) |
| Defendants. | ) ) |

Before the court are defendants' motions for partial dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and to strike jury demand pursuant to Fed.R.Civ.P. 12(f) (filing nos. 8 and 9). The court, having considered the motions, the plaintiffs' response, the defendants' reply, and the relevant materials and law, now determines that the defendants' motions to dismiss and to strike jury demand should be granted.

**Background**

Plaintiffs Lisa McKnight and Janeil Thompson worked for defendant Brentwood Dental Group, Inc. (Brentwood Dental). *See* Complaint at 3-4. At Brentwood Dental, the plaintiffs were provided with a benefit plan in the form of a simple IRA ("the Plan"). *Id.* In January 2003, plaintiff McKnight questioned defendant Dr. Michael Obeng – president of Brentwood Dental – about a $1,400.00 discrepancy between her paycheck deductions for the Plan, and the amount appearing in her Plan account. *Id.* As a result, Dr. Obeng gave McKnight a check for $1,000.00 payable to the Plan. *Id.* Subsequently, at a meeting with the benefits administrator of Brentwood Dental, both plaintiffs asked about the discrepancies between monies deducted from their wages for their retirement accounts

and the deposits actually made into them. *Id.* Specifically, Thompson questioned the legality of the defendants' actions with respect to the deposits into the plaintiffs' retirement accounts. *Id.* Approximately one week later, Dr. Obeng asked the plaintiffs to meet with him in his office. *Id.* At that time, Dr. Obeng indicated that he was aware that they had questions concerning the legalities of Brentwood Dental's failure to promptly deposit plaintiffs' payroll withholdings into their retirement accounts. *Id.* The following day, McKnight was terminated by Dr. Obeng and Thompson resigned in lieu of being terminated. *Id.*

The plaintiffs have brought this lawsuit arguing that they were terminated for expressing their concerns about the accounting discrepancies between their payroll withholdings and the deposits into their retirement accounts. Specifically, plaintiffs' complaint has three counts. Count I and II are under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §§1140 and 1109 for Interference with a Protected Right and for Breach of Fiduciary Duty. Count III is a claim of Whistle-blower Retaliation under the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §48-1114. In addition, the plaintiffs have made a jury demand. The defendants have filed the present motion specifically seeking to dismiss Count III and to strike the plaintiffs' request for a jury trial. For the reasons stated below, the court determines that the defendants' motion to dismiss and to strike jury demand should be granted.

## Motion to Dismiss Count III

For the court to dismiss a complaint under Rule 12(b)(6), the court considers all the facts alleged in the complaint as true, and construes the pleading in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).

A complaint is successfully challenged if it appears beyond a doubt that the plaintiff can not prove a set of facts in support of his claim which would entitle him to relief. *Id.* Relief is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal. *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). With this standard in mind, the court now examines Count III of the plaintiffs' complaint.

Count III of the plaintiffs' complaint seeks recovery under the Nebraska Whistle Blower Act. The defendants have moved to dismiss this claim arguing that ERISA preempts that claim. The court agrees. ERISA preempts any state laws or regulations that relate to employees benefit plans.[1] *See* 29 U.S.C. §1144(a); *see also Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97 (1983) (holding to relate to a benefit plan, a law need only have "a connection with or reference to such a plan"). ERISA preemption is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). The only exception to the broad scope of ERISA preemption is for state laws regulating "insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A); *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003).

---

[1] ERISA was enacted to regulate employee investment, pension, and health benefit plans by setting certain minimum standards for participation, vesting, and funding, and imposing various fiduciary duties on those who manage such plans. In enacting ERISA, Congress sought to protect and strengthen the rights of employees, enforce uniform fiduciary standards, and encourage employers to create and maintain benefit plans for their employees. *See* 29 U.S.C. §§1001, 1001b. Congress believed these goals would be best served by establishing an exclusive body of federal law regulating such plans.

3

In this case, the plaintiffs argue that their whistle blower claim should not be preempted because that claim is based upon violations of federal tax laws, the Nebraska Statute of Frauds and the Nebraska wage laws. The plaintiffs claim that ERISA does not preempt violations of these laws, thus, their whistle blower claim based on these laws should not be preempted. The court, however, finds that the conduct underlying the plaintiffs' claim under the whistle blower state law cannot be severed from the administration of the employee benefits plan. The plaintiffs' state law whistle blower claim is predicated primarily on the defendants' alleged violation of the fiduciary duties imposed by ERISA. Thus, the plaintiffs claim under the state whistle blower act relates to ERISA plans within the meaning of §1144(a) and is, therefore, preempted. *See Neumann v. AT &T Communications, Inc.,* 376 F. 3d 773, 780 (8th Cir. 2004).

Furthermore, under ERISA, employees can obtain the protections which the plaintiffs seek under the state whistle blower act. ERISA has a provision which protects whistle blowers. 29 U.S.C. §1140, in its relevant part, states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under [the benefits plan, ERISA, or certain other statutory provisions], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under [the benefits plan, ERISA, or certain other statutory provisions]. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pensions Plans Disclosure Act. . . .

*See* 29 U.S.C. §1140. This ERISA provision clearly gives the plaintiffs the same protection they seek under their whistle blower claim under state law. Thus, the plaintiffs' claim under the Nebraska Whistle Blower's Act is preempted by the ERISA provision which protects whistle blowers. *See Neumann 376 F.3d at 780* (claims of retaliatory discharge is

4

completed preempted by Erisa); *see also Hashimoto v. Bank of Hawaii*, 999 F.2d. 408, 411 (9th Cir. 1993) (holding that the state whistle blower act was preempted where the employer discharged employee for blowing the whistle regarding the employer's administration of ERISA plan); *Anderson v. Electronic Data Systems Corporation*, 11 F.3d 1311 (5th Cir 1994), *cert denied*, 513 U.S. 808 (1994) (ERISA §1140 prohibits the discharge of a person because he has given information or testimony relating to ERISA). Having made this determination, the court finds that defendants' motion to dismiss Count III of the plaintiffs' complaint should be granted.

### Motion to Strike Plaintiffs' Request for Jury Demand

Concerning the defendants' Rule 12(f) motion to strike the plaintiffs' request for a jury trial, the court finds that their motion should be granted. Plaintiffs' remaining counts I and II are claims under ERISA. Count I is for Interference with a Protected Right and Count II for Breach of Fiduciary Duty. *See* Plaintiffs' Brief at 4. Both of these counts are governed by ERISA. Therefore, plaintiffs are not entitled to a jury trial. *See Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994) (there is no jury trial under ERISA). The plaintiffs ask the court to deny defendants' motion to strike arguing that under the Seventh Amendment they are entitled to a jury trial. However, every circuit, including the Eighth Circuit, has concluded that claims under ERISA are equitable in nature and that no right to jury trial attaches to those claims. *See id.; Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001) (there is no right to a jury trial in ERISA cases); *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 54 (1st Cir. 2000) ( district court did not err in finding plaintiff's state law claim preempted and denying his demand for jury trial); *Wilkins v.*

5

*Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998) (ERISA claim is equitable, thus, district court properly denied motion for jury trial); *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998) (ERISA claim is equitable, thus, the Seventh Amendment provides no right to jury trial); *Broaddus v. Florida Power Corp.*, 145 F.3d 1283, 1287 (11th Cir. 1998) (relief under ERISA is limited to equitable remedy); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 568 (2d Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) (ERISA claims are inherently equitable and no right to jury trial attaches); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998), *cert. denied*, 525 U.S. 1054 (1998) (there is no jury trial in an ERISA case); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) (ERISA claims do not entitle a plaintiff to a jury trial); *Briggers v. Wittek Indus., Inc.*, 4 F.3d 291, 298 (4th Cir. 1993) (because the plaintiff's common law was preempted by ERISA, his claim should have been tried by the court rather than by the jury).  As a result, the defendants' motion to strike the plaintiffs' demand for a jury trial will be granted.

IT IS HEREBY ORDERED that the defendants' motions for partial dismissal and to strike jury demand (filing nos. 8 and 9) are granted.  However, the plaintiffs are given 30 days to amend their complaint if they wish to include their whistle-blower retaliation claim under 29 U.S.C. § 1140.

DATED this 20th day of September, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge