## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA MCKNIGHT, and JANEIL THOMPSON, )<br>                                   )<br>       Plaintiffs,    )<br>                                   )<br>vs.    )<br>                                   )<br>BRENTWOOD DENTAL GROUP, INC., and )<br>DR. MICHAEL OBENG,    )<br>                                   )<br>       Defendants.    ) | **8:04CV642**<br><br>**ORDER TO SEAL DOCUMENTS**<br>**and PROTECTIVE ORDER** |

      This matter comes before the court on a Joint Motion to Seal Documents and For Protective Order pursuant to Fed. R. Civ. P. 26(c), NECivR 5.3, and Administrative Procedures II. I and III. A. Upon reviewing the motion, the court finds good cause to grant the motion.

      Unredacted documents containing personal data identifiers as defined in NECivR 5.3 shall be filed under seal in accordance with the procedures set forth in NECivR 9.1(d). This Order shall remain in effect until ninety (90) days from the date the case is closed or dismissed, at which time the documents shall be unsealed unless otherwise requested by counsel, or unless requested to be returned to counsel.

      Pursuant to a stipulation of the parties, Nebraska Civil Rule 5.3, and Federal Rules of Civil Procedure 26(c), it is hereby ordered that the following protective provisions shall apply to all discovery in this litigation:

      1.    This protective order shall apply whether the materials or documents have been produced pursuant to formal discovery requests, by subpoena, or by agreement.

      2.    The term "documents" as hereinafter used includes but is not limited to written, photographic or electronic media extracts, summaries thereof and attachments thereto; answers to interrogatories; request for admissions and

answers thereto; deposition transcripts and exhibits; responses to requests for production; and any portions of court papers which are from or summarize any of the foregoing.

      3.    All documents, information and or similar materials produced in this litigation, or specific portions thereof, may be marked or otherwise designated by the parties as "confidential" if:

      a.    They contain financial or other proprietary information that is held confidential by any party;

      b.    They include or are part of an individual's personnel or employee benefits records or similar files, including the individuals identifying information such as his or her name, address, telephone number, or social security number that a party to this litigation treats as confidential; or

      c.    They describe, contain or disclose internal corporate information that is legitimately held confidential within the corporation; or

      d.    They are described in NECivR 5.3(a) or (b).

The determination of whether produced materials fall into one of the above categories shall be made in the first instance by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular produced materials have been properly designated as "confidential," the dispute may be resolved by the court.

      4.    The parties recognize that experience may disclose that further categories of documents should be treated as "confidential." Entry of this Protective Order does not foreclose further agreements by counsel to keep documents confidential or application to the court for protection of other confidential information.

      5.    Except as expressly provided for in this Protective Order, "confidential" materials or documents and any information contained therein shall not be communicated or disclosed in any manner, either directly or indirectly, by the parties receiving the confidential documents to any person or entity and shall be used only for the prosecution and/or defense of this litigation and for no other purpose.

6. Except as provided above or pursuant to court order, "confidential" documents shall not be disclosed to anyone except:

   a. The attorneys of record and their employees conducted in the conduct of this litigation;

   b. The parties to this litigation;

   c. Any person who was an author or addressee of the document or who is shown on the document as having received a copy of it;

   d. The court, court personnel, court reporters and similar court personnel;

   e. Any deposition or trial witness in this litigation when shown to such witness before or during his or her testimony, provided the confidential items shown to the witness has reasonable and bonefide relationship to his or her testimony;

   f. Consultants and experts retained by any party for purposes of assisting in the preparation, investigation or presentation of claims or defenses in this litigation;

   g. Those current or former employees, officers and/or directors of defendants who are assisting in defending this litigation.

7. All persons provided access of copies to this document shall agree to be bound by the terms of this order.

8. Within 60 days after the final disposition of litigation between Plaintiffs and Defendants, whether by judgment and exhaustion of all appeals, or voluntary dismissal, each party shall return "confidential" documents to the disclosing party, including all copies, excerpts, and abstracts. Counsel for the parties must continue to maintain the confidentiality of all such documents until the documents are returned.

9. Any waiver under this order must be in writing, or if made during a deposition or in court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specific purposes of the request or the proceeding involved, and shall not otherwise waive any of the protections provided by this order.

10.	The terms and provisions of this order are subject to modification, extension or limitation as may be hereafter agreed upon by the Plaintiffs and Defendants, or by order of this court.

**IT IS SO ORDERED.**

Signed this 30th day of June, 2006.

                BY THE COURT:

                 s/Thomas D. Thalken
                 United States Magistrate Judge

**Approved as to form:**

| | |
|---|---|
| s/ Leanne A. Gifford | s/Ken LeRoy |
| Leanne A. Gifford, # 21479 | Kenneth J. LeRoy Bar Number: 20739 |
| Attorney for Plaintiffs | Attorney for Defendants |
| Brown & Brown, P.C., L.L.O. | Anderson & Bressman Law Firm, P.C.,L.L.O. |
| 2027 Dodge Street, Suite 501 | 11440 West Center Road, Suite A |
| P.O. Box 40 | Omaha, NE 68144-4421 |
| Omaha, NE 68101-0040 | (402) 333-4774 Phone |
| (402) 346-5010 Phone | (402) 330-5515 Facsimile |
| (402)345-8500 | E-mail: kleroy@andersonbressman.com |
| E-mail: lagifford@bblaw.us | |