IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA McKNIGHT and JANEIL THOMPSON, ) ) ) | |
| Plaintiffs, ) ) | 8:04CV642 |
| vs. ) ) | |
| BRENTWOOD DENTAL GROUP, INC., ) a Nebraska Corporation, and Dr. ) MICHAEL OBENG, in his individual ) capacity, ) ) | ORDER |
| Defendants. ) | |

This matter is before the court on plaintiffs Lisa McKnight and Janeil Thompson's (collectively, "plaintiffs") motion for attorney fees, Filing No. 135. The court previously entered a Memorandum and Order and Judgment after a trial to the court. Filing Nos. 133 and 134. In the court's order, the court found that plaintiffs established liability for their retaliation claim, but that defendants would have taken the same adverse action absent plaintiffs' protected activity. Filing No. 133. As such, the court found that plaintiffs were not entitled to the damages or relief sought. Filing No. 133.

ERISA provides for the award of reasonable attorney fees and costs to a participant, beneficiary, or fiduciary. 29 U.S.C. § 1132(g) (2007). The Eighth Circuit adheres to a "five factor" test to evaluate the award of attorney fees to a prevailing party in an ERISA case. *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002). The factors are: "(1) the losing party's culpability or bad faith; (2) the losing party's ability to satisfy a fee award; (3) the deterrent effect of such an award; (4) the value of the victory to plan participants and beneficiaries, and the significance of the legal issue involved; and (5) the relative merits of the parties' positions." *Seitz v. Metro. Life Ins. Co.*, 433 F.3d 647, 652

(8th Cir. 2006).  The factors in this test are not exclusive or to be mechanically applied. *Martin*, 299 F.3d at 972.

Plaintiffs request total reimbursement in the amount of $104,984.96, consisting of $50,193.00 for representing Lisa McKnight, and $51,097.50 for representing Janeil Thompson.  Plaintiffs' counsel has filed an affidavit and an itemization of the hours spent on this case and costs for each plaintiff.[1]  Filing No. 136, Attachments 1, 2, and 3; Filing No. 137, Attachments 1 and 2.

Defendants have filed a brief in opposition to attorney fees.  Filing No. 144.  Defendants argue that this court may deny the claim solely on the basis that the plaintiffs obtained no relief under the statute.  *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984).  The most critical factor in determining the fee award is the degree of success obtained.  *Emery v. Hunt*, 272 F.3d 1042, 1047-48 (8th Cir. 2001), *citing Hensley v. Eckerhart*, 461 U.S. 424 (1983).

The court finds the plaintiffs prevailed only on a limited claim in this case.  As such, plaintiffs will only receive an award of fees related to the retaliation claim, and any claim that might have been intricately tied to the retaliation claim.  *See Emery, 272 F.3d at 1046*.  The court uses the lodestar method of multiplying the number of hours billed by the reasonable hourly rate to determine the fee amount.  *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).  The court may use its own knowledge of the prevailing market rates to determine a reasonable hourly rate.  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  The defendants argue that the court should look at additional factors in this case.  In that regard, the Eighth Circuit, in non-ERISA cases, has indicated the court

---

[1] The plaintiffs are required to comply with NeCivR 54.1(b) to recover costs in this case.

should look at a number of factors when determining the amount of fees. These factors include: time and labor; novelty and difficulty of the legal question; skills required to perform the service; preclusion of other employment by the attorney who accepted the case; the customary fee; whether the fee is fixed or contingent; time and other limitations on the client or the circumstances; the amount involved and results obtained; the experience, reputation and abilities of the attorneys; the undesirability of the case; the nature of and the relationship with the client; and awards in similar cases. *Ollis v. HearthStone Homes, Inc.*, ___ F.3d ___, 2007 WL 2141674 (8th Cir. July 27, 2007).

With these standards in mind, the court finds the following when applying the *Seitz* factors. The court first finds the defendants are culpable and acted in bad faith regarding the retaliation claim. The court further finds that Dr. Obeng may not be able to satisfy this award, as he is experiencing some financial difficulty and filed Chapter 11 bankruptcy in February 2007. Filing No. 144. The court concludes that an award will clearly serve as a deterrent to others, and it will provide confidence to those who wish to file ERISA claims. Defendants won on all issues except for the merits of the retaliation claim. When the court weighs these factors, it finds the plaintiffs are entitled to attorney fees, albeit a reduced award.

Defendants also ask the court to apply the *Ollis* factors. The court determines that if the *Ollis* factors are applied,[2] it would also find the plaintiffs won on the merits of the retaliation claim, and there is some value to the plan's participants, at least in terms of knowing the employee can safely raise an alleged ERISA violation that will result in an

---

[2]Defendants ask the court to apply the *Ollis* factors in this case. The court does not believe that is necessary, as *Seitz* clearly dictates the standard to be applied in ERISA cases. However, the court has addressed the factors requested by the defendants, and in any event, such application does not change the outcome of the fee award.

award. The court finds the amount of time requested is excessive. The plaintiffs won on the issue of retaliation and those claims related to the retaliation claim. The court has looked at the itemizations set forth by the plaintiffs, Filing No. 136 and 137, and concludes that approximately 100 hours relates to the retaliation claim. The court finds this not a particularly novel or difficult legal issue, although the court notes that the Eighth Circuit has not determined whether an internal complaint is protected activity. The court finds that plaintiffs' counsel took this case on a pure contingency basis which is an increased risk for counsel. This case could be handled by an attorney with reasonable skills and some knowledge of ERISA law. The court finds this case would not have precluded plaintiffs' counsel from taking other cases. Nor would the taking of this case create time or other limitations on the client or the attorney; the amount involved was not significant; the plaintiff won only one claim, retaliation; the plaintiff received no damage award for that claim; the attorneys involved have excellent reputations; and the parties have provided the court with no cases that are particularly similar to this one. The court does not believe the other factors are significant in this case.

Both attorneys Raymond Aranza and William Brown, who assisted attorney Leann Gifford with this case, ask this court to award $165.00 per hour in fees, their usual customary rate. The court finds such a fee, given their experience with litigation and ERISA cases, is reasonable. Attorney Gifford billed her rate at $150.00 per hour, her usual customary rate. Plaintiff supplied an affidavit from Heidi Guttau-Fox, an attorney who works on ERISA cases, who indicates she bills her ERISA cases at $250.00 per hour, and the requested $150.00 per hour is reasonable. Filing No. 139. Based on the evidence presented, and the court's knowledge and experience with the Omaha legal community in both ERISA and litigation cases, the court concludes that an hourly rate of $150.00 for Ms.

4

Gifford is likewise reasonable. However, with that said, the court notes that the amount requested for Mr. Aranza and Mr. Brown are minimal when compared to the total amount requested. The requested $15.00 per hour difference is insignificant in terms of the award amount and does not merit the required calculation necessary to delineate which attorney receives how much of the award.[3] Consequently, the court is going to compute the award on the basis of $150.00 per hour for all work performed on this case. After reviewing the itemization, the court is of the opinion that the plaintiffs are entitled to 100 hours of work, times $150.00 per hour, for a total of $15,000.00 in attorney fees. This justly compensates the plaintiff for a victory on the retaliation claim, it will be a deterrent to future violations, it will serve to support others who want to raise ERISA violations, and it meets the factors set forth in both *Seitz* and *Ollis*. The court believes this award is "consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." *Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006).

THEREFORE, IT IS ORDERED that plaintiffs' motion for attorney fees, Filing No. 135, is granted. The defendants are ordered to pay the plaintiffs $15,000.00 in attorney fees.

DATED this 13th day of September, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[3] Attorney Gifford did not provide the court with a summary of the time attributable to each attorney, and thus the court was required to manually compute the amount of hours expended by each attorney.

5